No. 1797.—Charles Gayarre *v.* Gustave Sabatier.

If an indorser on a bill of exchange, or a promissory note, be discharged from liability because the holder has failed to give the proper notice, then the indorser can not thereafter be held liable, unless it be shown that he has, subsequently to his discharge, assumed the payment.

APPEAL from the Third District Court of New Orleans. *Emerson, J. Elmore & King,* for plaintiff and appellee. *Alfred Grima,* for defendant and appellant.

WYLY, J. The defendant appeals from the judgment against him as indorser of two drafts and one promissory note.

There are several defenses, but we deem it only necessary to inquire whether the conditional obligations of the defendant have been rendered properly unconditional by due notice of dishonor, or whether he has admitted the rights of the holder by an unconditional promise to pay since the maturity of these obligations.

From the view we have taken of the case, it will not be necessary to examine the defendant's exceptions to the evidence, because, with all the testimony in the record, the case appears to be clearly with him. The obligations in suit were payable in the city of New Orleans, where the acceptors and makers, as well as the defendant, the indorser, resided, and they matured in 1863; at that time the plaintiff and his transferrer resided in the parish of St. Helena. The domicile of the obligors being in Union lines at the maturity of the instruments, and the domicile of the owner and holder being in rebel lines, all intercourse between them was prohibited. If the defendant had promised the party with whom the plaintiff left copies of these instruments to pay them, which is not satisfactorily shown, it would not be obligatory, because the parties were incapable of making at the time a conventional obligation; and the party pretending to act for the

·plaintiff or his wife, could not be their agent by reason of the same prohibition, he residing in Federal lines, and his principal in rebel lines.

Of course the plaintiff could not make legal demand of the acceptors and the makers during the time intercourse was prohibited; but it was his duty to do so promptly after this obstruction terminated. It appears that he and his wife, from whom he acquired these drafts and note, returned to this city on the second day of June, 1865; but demand was not promptly made of the acceptors and the makers, and due notice of dishonor was not given to the defendant. The plaintiff and the defendant both testified, and their evidence conflicts. After carefully examining all the evidence in the record, we are satisfied that there was not proper diligence; that the defendant was not promptly notified of the dishonor, and that he has not since maturity unconditionally promised to pay the drafts and note upon which he is sued.

It is therefore ordered that the judgment herein be annulled, and that there be judgment for the defendant, with all costs.

Rehearing refused.